ROSS v. CHICAGO, ST. P., M. & O. RY. CO.

(Circuit Court, D. Minnesota, Fourth Division. April 13, 1911.)

MASTER AND SERVANT (§ 286*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY.

Evidence considered, in an action by a brakeman against the railroad company to recover for an injury caused by the giving way of a grabiron by which he was climbing to the top of a car received by defendant from a connecting carrier, and *held* such as to require the submission of the case to the jury on the issue as to defendant's negligence in failing to make proper inspection of the car.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 286.*]

At Law. Action by Alexander D. Ross against the Chicago, St. Paul, Minneapolis & Omaha Railway Company. On motion by defendant for directed verdict. Motion overruled.

The plaintiff in this case, a switchman, while climbing upon a box car, took hold of a grabiron upon the top of the car, and on his attempting to pull himself up it gave way, and he fell to the ground, sustaining the injury complained of. At the close of all the evidence the defendant moved the court

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

to instruct the jury to return a verdict for the defendant, on the ground that the plaintiff had failed to show any negligence on the part of the defendant.

Thomas D. Schall and Francis B. Hart, for plaintiff.
George W. Peterson, for defendant.

WILLARD, District Judge (after stating the facts as above). The defendant in this case has apparently proven that this car was defectively constructed, in that there was no board through which this bolt should have passed. For that defective construction the defendant is in no way responsible. The liability of the defendant must be based upon its failure to inspect the car when it was received from the connecting company. That is so, not only from the law itself, but it is true in this case, from the allegations in the complaint; for they are based, as I understand them, solely upon the failure of the defendant to inspect the car. I entirely agree with those authorities, which have been cited, holding that a company receiving a car from a connecting line is not responsible for a defect which could not have been discovered by a proper inspection. But in this case I think, upon the evidence of the defendant's own witnesses as to the method of inspection, it is for the jury to determine whether, in the exercise of such care as the law imposes upon the defendant in this case, it was the duty of the inspector to have taken hold of the grabiron and determined whether it was loose or not.

There is evidence that the roof of the car was worn. There is evidence that there was a weather crack at the edge of the piece where one end of the grabiron was fastened to the roof. One of the witnesses for the defendant testified that a weather crack was a defect, although he testified that this particular weather crack was not a defect in that car. There is also evidence that this was an old car. Of course, there is evidence to the contrary that it was a new car, and whether it was an old car or a new car is for the jury to pass upon. There is also testimony of a witness for defendant who said that it was the custom and practice of inspectors on this road, if the car was on old one, or if there was a poor-looking roof, to take hold of the grabiron and test it, to see if it was loose; and there is testimony, also, that if the cars were old that it might be the custom or practice, or was the practice, to try the grabirons on the side of the car from the ground.

This evidence, to my mind, as to the condition of the roof of the car, with reference to this weather crack, and that the car was an old car, taken with the testimony of this witness for the defendant, who declared as to what the practice was with reference to the old cars, or cars with poor-looking roofs, makes the case one for the jury to determine whether or not, in the exercise of ordinary care, such care as the law imposed upon the defendant in this case, the inspector should have taken hold of the grabiron and tried it. Of course, it is for the jury to say whether, if he had taken hold of the grabiron and tried it, he would have discovered this defect. Upon that point I think there is no doubt, and I take it that, from all the testimony of the inspectors, it is shown that the condition of the grabiron would

have been discovered if it had been taken hold of and tried. But in any event it is a question for the jury to determine whether, if the inspector had taken hold of that grabiron, he would have discovered its defective condition. Of course, it is also for the jury to say whether this car was defectively constructed.

Upon these three questions, whether the car was defectively constructed, whether, if it was defective, the car was in such a condition as under the defendant's own custom and practice it was the duty of the car inspector to have taken hold of the grabiron and tried it, and whether, if he had taken hold of the grabiron and tried it, he would have discovered the defective condition of the car, I think the case. should go to the jury.

Therefore I will deny the motion of the defendant.